

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

April 10, 2008

**BY FACSIMILE**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Room 1010
New York, New York 10007

    Re: *United States v. Marco Antonio Gonzalez-Gorotiza*,
       07 Cr. 1046 (PKC)

Dear Judge Castel:

  The defendant in this matter, Marco Antonio Gonzalez-Gorotiza, is scheduled to be sentenced on April 14, 2008 at 11:00 a.m. The Government respectfully submits this letter in opposition to the defendant's letter dated April 4, 2008 ("Def. Ltr."). In the April 4 letter, the defendant argues that a sentence significantly below the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range set forth in the United States Probation Department's Presentence Investigation Report ("PSR") is warranted for the following two reasons: (1) the defendant's age, poor health, and allegedly non-violent criminal past; and (2) the allegedly unwarranted disparity between sentences imposed for illegal reentry cases in this District, as compared to districts with "fast-track" programs. Neither of these arguments supports a non-Guidelines sentence. Accordingly, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 30 to 37 months imprisonment as set forth in the PSR, which is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**BACKGROUND**

**A.** **The Offense**

  On January 9, 2008, the defendant appeared before Your Honor and pled guilty to a one count indictment, 07 Cr. 1046 (PKC) (the "Indictment"). The Indictment charged that on December 30, 2006, in the Southern District of New York and elsewhere, the defendant was found in the United States after having been deported from the United States subsequent to a conviction for an aggravated felony, without having obtained the express consent of the Attorney General of the United States, or his successor, the Secretary for the Department of Homeland Security, to reapply for admission. (PSR ¶¶ 1-3.)

The Honorable P. Kevin Castel
April 10, 2008
Page 2 of 6

B.      The Defendant's Criminal History and Applicable Guidelines Range

      The defendant has eight prior convictions that result in twelve criminal history points and place him in Criminal History Category V.  The defendant's record of convictions began on or about September 15, 1980, when the defendant was convicted of attempted petit larceny.  This conviction resulted in no criminal history points.  (PSR ¶ 24.)  On March 7, 1984, the defendant was convicted of resisting arrest.  This conviction resulted in no criminal history points.  (PSR ¶ 26.)  On August 14, 1987, the defendant was convicted of third-degree burglary, and on April 17, 1996, after being returned on a bench warrant, he was sentenced to 5 years imprisonment.  This conviction resulted in three criminal history points.  (PSR ¶ 28.)  On January 5, 1990, the defendant was convicted of attempted third-degree burglary, and was sentenced to 18 months to 3 years imprisonment.  This conviction resulted in 3 criminal history points.  (PSR ¶ 30.)  On April 17, 1996, the defendant was convicted of third-degree burglary, and was sentenced to 2 to 4 years imprisonment.  This conviction resulted in 3 criminal history points.  (PSR ¶ 32.)  On June 16, 2003, the defendant was convicted of third-degree forgery, and was sentenced to a conditional discharge plus community service.  This conviction resulted in 1 criminal history point.  (PSR ¶ 34.)  On or about April 9, 2004, the defendant was convicted of third-degree attempted assault, and was sentenced to 45 days imprisonment.  This conviction resulted in 1 criminal history point.  (PSR ¶ 36.)  On or about November 19, 2007, the defendant was convicted of fourth-degree grand larceny, but sentencing has not yet taken place in the case.  Accordingly, this conviction results in 1 criminal history point.  (PSR ¶ 38.)

      The defendant pled guilty to the Indictment on January 9, 2008, without the benefit of a plea agreement.

      Pursuant to Title 8, United States Code, Section 1326(b)(2), the maximum sentence for the instant offense is 20 years imprisonment.  (PSR ¶ 67.)  Under the Guidelines, this charge has a base offense level of 8, which is increased by 8 levels to 16 because the defendant was previously deported after being convicted of an aggravated felony.  (PSR ¶ 12-13.)  Given the defendant's timely allocution, and assuming continued acceptance of responsibility, a three-level reduction is warranted, resulting in an offense level of 13.  (PSR ¶ 18.)  Based on a total offense level of 13 and a Criminal History Category of V, the Guidelines range is 30 to 37 months imprisonment.  (PSR ¶ 65.)  The Probation Department recommends a sentence of 30 months, the bottom of the applicable range.  (PSR at 19.)

The Honorable P. Kevin Castel
April 10, 2008
Page 3 of 6

## APPLICABLE LAW

A.     The Appropriate Sentence And Application Of The Guidelines

The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark" for sentencing determinations. *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *See Gall*, 128 S. Ct. at 596-97 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B)    to afford adequate deterrence to criminal conduct;
>
>    (C)    to protect the public from further crimes of the defendant; and
>
>    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 596 n.6. Their

The Honorable P. Kevin Castel
April 10, 2008
Page 4 of 6

relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 128 S. Ct. at 594; *see also Rita*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.

In this case, a sentence within the applicable Guidelines range of 30-37 months represents a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). The defendant has a disturbing immigration and criminal record; the defendant has already been deported on three different occasions following commission of criminal offenses—February 23, 1981, April 10, 2000, and August 3, 2004[1]—yet he has continued to illegally reenter the United States, and commit further crimes against people and property, following each deportation. Thus, a sentence within the applicable Guidelines range is necessary to "promote respect for the law, and to provide just punishment for the offense" that the defendant has continued to commit. *Id.* § 3553(a)(2)(A). A sentence within the applicable Guidelines range is also necessary to "afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B). In this case, the defendant has not been deterred from illegally reentering this country by multiple deportations unaccompanied by criminal sanctions. Thus, a substantial term of imprisonment appears necessary to deter the defendant from continuing to illegally reenter the United States. Finally, a sentence within the applicable Guidelines range is necessary "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C). The defendant has returned to the United States illegally on multiple occasions following prior deportations to commit additional felony offenses. Thus, imposition of a term of imprisonment within the applicable Guidelines range appears necessary to protect the public from the defendant.

**B.     The Defendant's Arguments Do Not
        Support A Sentence Below The Guidelines**

   1.   <u>The defendant's personal circumstances do not warrant a below-Guidelines sentence</u>

Under Section 3553(a), the sentencing court must first consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C.

---

[1] The PSR erroneously states that the defendant was also deported on July 17, 2001. (PSR ¶ 49.)

The Honorable P. Kevin Castel
April 10, 2008
Page 5 of 6

§ 3553(a)(1). Here, the defendant argues that his age, poor health, and allegedly non-violent criminal past warrant a below-Guidelines sentence. (Def. Ltr. at 1-2, 7.)

This claim does not support a below-Guidelines sentence. The defendant's lengthy criminal record includes several violent crimes, including resisting arrest and attempted assault. In addition, the defendant has committed several burglaries, which inherently create the risk of violence. Moreover, the defendant continues to be undeterred by his allegedly advanced age—he is 51 (PSR at 2)—from committing further crimes; he was arrested on December 30, 2006 for committing yet another felony offense following his deportation just two years earlier, in 2004. Despite the defendant's apparently poor health, which is unfortunate, the defendant's personal circumstances should not support a below-Guidelines sentence in this case.

      2.      <u>The defendant's fast-track argument should be rejected</u>

The defendant also argues that the Court should exercise its discretion to impose a below-Guidelines sentence that would address allegedly unwarranted disparities between the Guidelines range applicable to the defendant and the lower Guidelines range applicable to defendants who plead guilty pursuant to "fast-track" programs in other Districts. (Def. Ltr. at 4-7.) *See United States v. Mejia*, 461 F.3d 158, 160-61 (2d Cir. 2006) (describing fast-track programs). Fast-track programs are intended to conserve scarce prosecutorial and judicial resources. *See id.* Accordingly, Districts with fast-track programs require, *inter alia*, that defendants agree to "expedited disposition, waiver of pre-trial motions by the defendant, waiver of appeal, and waiver of the right to habeas corpus," *id.* at 161, in order to benefit from the lower Guidelines range available to participants in the program.

In *Mejia*, the Court observed that because Congress approved of, but did not mandate, fast-track programs, it "necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in Section 3553(a)(6)." *Id.* at 163 (citations omitted). The Court further observed that the Sentencing Commission had itself "rejected compensatory downward departure[s]" as a remedy for any disparity in sentences between fast-track and non-fast-track districts. *Id.* at 164. The Court therefore concluded, joining all of the other Courts of Appeals that had considered the issue, that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* (citations omitted). Indeed, the Court was aware of "no sentencing principle [that] requires the sentencing court to mimic" fast-track benefits in non-fast-track jurisdictions. *Id.* at 163. Yesterday, in *United States v. Hendry*, – F.3d –, 2008 WL 942580 (2d Cir. Apr. 9, 2008), the Second Circuit reaffirmed sentencing courts' "discretion not to depart on the grounds of a disparity created by the absence of a fast-track program," *id.* at *2.

Although neither *Mejia* or *Hendry* conclude that it is necessarily unreasonable for a district judge to take into account the existence of fast-track programs elsewhere when imposing sentence, the decision in *Mejia* indicates that the disparities between fast-track and non-fast-track jurisdictions, which were authorized by Congress and the Sentencing Commission, were

The Honorable P. Kevin Castel
April 10, 2008
Page 6 of 6

warranted and should not be undermined by imposition of fast-track-equivalent sentences on all illegal re-entrants, regardless of whether they qualify for, or choose to participate in, a fast-track program.  Accordingly, the absence of a fast-track program in this District does not support imposition of a below-Guidelines sentence in this case.

## CONCLUSION

      For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range, as it is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York


By:   s/ Howard S. Master
      Howard S. Master
      Assistant United States Attorney
      212-637-2248

cc:   Hugh M. Mundy, Esq., Attorney for Defendant
      (By Facsimile)